RICHARD L. O'BRIEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
O'Brien v. Commissioner
Docket No. 2807-74.
United States Tax Court
T.C. Memo 1975-329; 1975 Tax Ct. Memo LEXIS 43; 34 T.C.M. (CCH) 1433; T.C.M. (RIA) 750329; November 6, 1975, Filed Richard L. O'Brien, pro se. Charles L. Eppright, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $142.22 deficiency in petitioner's 1972 Federal income tax. The sole issue is whether petitioner was entitled to a dependency exemption for his stepson in 1972. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioner and Lois L. O'Brien are husband and wife, and lived in Spokane, Washington at the time petitioner filed his petition. Petitioner filed a joint income tax return with his wife *44 for 1972. Lois L. O'Brien was formerly married to Wayne Schultz. One child, Bryan Schultz, was born of this marriage. On August 26, 1965, Lois and Wayne were divorced. The Decree of Divorce "approved, ratified and confirmed" the previously agreed to property settlement, child custody and support agreement. This agreement provided that Wayne pay Lois $75 a month child support for Bryan until Bryan reaches 21 years of age or is sooner emancipated, and that Wayne have the right to claim Bryan as a dependent for income tax purposes. During 1972 Bryan was in the custody of Lois and petitioner. Wayne paid Lois $1,020 for Bryan's support during 1972. During 1972, Bryan was furnished the following total support: Food
$1,460
Lodging
336
Utilities
96
Clothing
250
Education
60
Medical and dental
20
Miscellaneous
50
Total
$2,272 Of this amount, Wayne paid $1,020 and petitioner and Lois provided $1,252. OPINION Section 152(e) [1] provides generally that if a child receives over half his support from his parents who are divorced and such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated *45 (for purposes of defining a dependent) as receiving over half his support from the parent having custody for the greater portion of the year (here Lois and petitioner). There are two exceptions to this general rule, one of which is applicable here, namely, the child shall be treated as having received over half his support during the calendar year from the parent not having custody (Wayne) if a written agreement between the child's parents provides that the parent not having custody (Wayne) shall be entitled to the dependency deduction for such child and such parent (Wayne) provides at least $600 for the support of such child during the calendar year. Section 152(e)(2)(A). The property settlement agreement entered into by Lois and Wayne provided that Wayne (the noncustodial parent) was entitled to claim Bryan as a dependent for tax purposes, and Wayne, in fact, furnished more than $600 for Bryan's support in 1972. Therefore Wayne, and not petitioner, is entitled to claim a dependency exemption for Bryan notwithstanding the fact that petitioner and Lois provided more than half of Bryan's support. *46 Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩